August 9, 2019

RECEIVED
AUG 14 2019
in the Chambers of
Judge
Nicholas G. Garaufis

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Anthony Urso
        <u>Criminal Docket No. 03-1382 (NGG)</u>

Dear Judge Garaufis:

I am writing you as a matter of urgency concerning my request for compassionate release pending before you. Your Honor saw enough merit in my petition to appoint the public defender's office to assist me. The public defender, however, is advising me to do things that will waste valuable time and resources, and irreparably harm me, all contrary to the new Compassionate release statute.

Due to the urgency of time, I am requesting that the public defender be relieved from my case, and the petition proceed on the merits. Please allow me to explain what is happening.

On July 8, 2019, Your Honor appointed the federal defender Deirdre D. von Dornum to review the petition and make any further filing if necessary.

By letter through the regular mail, dated June 17, 2019, Ms. Von Dornum stated the following:

> "We reviwed your filings, as well as the government's filings, and we first would like to make sure you have exhausted all your administrative remedies. This would include filing the BP-8 (informal complaint), BP-9 (Regional Administrative Remedy), and BP-10 (Regional Administrative Remedy Appeal) forms, and then also providing a copy of the petition for compassionate release you submitted to the warden." (<u>See Letter, attached</u>).

On August 5, 2019, I received a copy of a letter, along with a hand-written statement I believe was made by Your Honor, stating: "application granted - so ordered," and including your signature.

It appears that Your Honor has granted the 60 days requested by Ms. Von Dornum. (See Order, attached).

The now-granted request made by Ms. Von Dornum presents two major issues that work to negate my compassionate release petition: (1) unnecessary administrative remedy process outside the scope of the statute and Congress' intent, and in any event (2) the completion of the remedy process will exceed the time of the relief requested.

Below, I have briefly detailed the bases supporting these two reasons.

1. <u>Unnecessary Administrative Remedy Process</u>

In 2018, Congress amended compassionate release statute by allowing eligible prisoners to apply directly to the sentencing court when the warden fails to respond to the initial request for release.

> "In addition to a motion by the Director of the Bureau of Prison, a Court can grant Compassionate release on a motion from the defendant after the defendant has fully exhausted all administrative right of appeal a failure of the Bureau of Prison to bring a motion on the defendant's behalf <u>OR</u> the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, <u>which ever is earlier</u>"

The First Step Act of 2018, Pub. L. No. 115-391, 132 stat. 5194 (2018) (emphasis added).

Congress intended the new amended version to streamline the process, and to eliminate the BOP's bleak track record in failing to actually grant compassionate release with the kind of frequency Congress had originally intended under the former version of the statute. It also eliminated a tremendous amount of waste. Wardens were found to simply ignore these requests, forcing the prisoners to exhaust the entire administrative remedy process before seeking relief from the Court. The process is lengthy, costly, and, in the end, ineffectual because almost

- 2 -

categorically the upper levels of the reviewer tend to rubber-stamp the warden's initial action as a denial.

Now, under the amended version, the prisoner can go directly to the court when the warden fails to respond within the 30 days alloted by the statute. This cuts out the lengthy, costly, and ultimately ineffectual administrative remedy process in this circumstances, and puts the court immediately in position to grant relief.

I am unsure what was unclear about this to Ms. Von Dornum. There is no cause for me to pursue any administrative remedies. I have fully satisfied all the requirements of the statute on my end. For the Courts' part, Your Honor has full authority and, by the legislative history of the amendment, is expected to decide the merits under this particular act of circumstances.

Congress has given Your Honor the full authority to rule on the merits of my petition' pending before you, without any requirement that administrative remedies be exhausted. Your Honor should take this opportunity to rule on my petition'.

2. <u>Completion of Administrative Remedies will Exceed the Time of the Relief Requested</u>

In any event the remedy process will take so long to complete that it will automatically negate the relief I am seeking. This is based on the current calculation of my sentence, and on the known average length of time to complete the remedy process.

According to my current sentence calculation, I have a Good Conduct Time (GCT) release date of December 5, 2021, this date will be changed to June 15, 2021 once the 7 days reduction per First Step Act of 2018 is applied. This leaves me with under 22 months to serve. Out of that 22 months, I am eligible to receive 12 months RRC placement -- and most inmates with my sentence length (240 months) are actually receiving 11 months RRC placement). This leaves

me today with only 9 - 10 months remaining to serve before I leave confinement and reenter society via the RRC.

To complete the remedy process will take at minimum 6 to 7 months. This is based on the known average response time for each of the administrative remedy stage:

BP 8½: 20 days from problem to submit
       7 days to reply
---
BP 9:: 20 days to submit
       20 days to reply
---
BP 10: 20 days to submit
       30 days to reply
---
BP 11: 30 days to submit
       40 days to reply
---
187 days (Total - approx. 6 to 7 mo.)

Even if I submited my remedies without delay, I must still contend with mailing time, filing technicalities, and extensions of time, which the BOP frequently seeks in these cases. Realistically, the process takes about least 8 to 9 months to complete even when everything goes on time.

Even if I were to complete the process within 7 months, I will have effectively negated any relief because I will ready to be placed in RRC within the same relative time frame.

As a final note, I cannot technically even seek administrative remedies at this point, because the first step (BP-8½) must be submitted within 20 days from the end of the 30 days period the warden had, but failed, to respond. The process is completely ineffectual at this point.

* * *

Your Honor, I appreciate you seeing merit enough in my petition to grant me counsel. Unfortunately, there is a breakdown in Counsel's understanding of the new law and the timeframe I am dealing with. To follow counsel's advice would do irreparable harm.

Congress has given you ultimate authority to decide my petition right now, because the circumstances match the jurisdictional procedures clearly states in statute.

Therefore, I request that Counsel be relieved of the case, and that you decide my petition right now on its merits.

Thank you for addressing the issues, and for your consideration in this case.

Respectfully submited,

*[signature]*
Anthony Urso
Reg #: 04109-748
LSCI Allenwood
P.O. Box 1000
White Deer, PA. 17887


cc: Ms. Deirdre D. von Dornum (Federal Defenders Office)
    Assistant United States Attorney Maria Cruz-Melendez

Anthony Urso
Reg #: 04109-748
FCI Allenwood Low
P.O. Box 1000
White Deer, PA. 17887
Federal Correctional Institution



CERTIFIED

7019 0160 0000

⇔04109-748⇔
United States Cour
225 Cadman PLZ E
Judge Nicholas Ga
Brooklyn, NY 1120
United States

Eastern Dist.

Legal

SWSA BROOKLYN OFFICE
FILED IN CLERK'S OFFICE
AUG 14 2019

MAIL

5801 3326

house
ast
aufis

New York

ail

U.S. POSTAGE PAID
FCM LG ENV
WHITE DEER, PA
17887
AUG 12, 19
AMOUNT
$0.00
R2305K138972-02

1000
11201