UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

ANTHONY URSO,

Defendant.
----------------------------------------------------------------X

MEMORANDUM & ORDER

03-CR-1382 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On February 11, 2005, Defendant Anthony Urso pleaded guilty to one count of racketeering conspiracy, in violation of 18 U.S.C. §§ 1962(d) and 1963(a). (See Feb. 11, 2005 Min. Entry (Dkt. 345); Superseding Indictment (Dkt. 4) ¶¶ 1, 4, 14.) On September 23, 2005, Defendant was sentenced to serve 240 months' imprisonment, followed by three years of supervised release. (See J. as to Anthony Urso (Dkt. 545).) Pending before the court is Defendant's motion to reduce his imprisonment term. (See Def. Mot. to Reduce Sentence ("Mot.") (Dkt. 1189).) Defendant requests that the court convert his incarceration in a Bureau of Prisons ("BOP") facility to home confinement, or, in the alternative, order a reduction in his sentence. (Id.)

First, Petitioner asserts that he qualifies for the Elderly Home Detention Pilot Program authorized under the First Step Act because he is over 60 years old and has served more than two-thirds of his sentence. (Id. at 2.) Second, Petitioner claims that he is entitled to compassionate release due to his advanced age and chronic medical conditions. (Id.) For the following reasons, Petitioner's motion is DENIED.

1

## I. ELDERLY HOME DETENTION PILOT PROGRAM

The court does not have authority to modify Petitioner's method of incarceration under 28 U.S.C. § 3582(c)(1)(B) or 34 U.S.C. § 60541(g)(1)(C). Section 60541 authorizes the Attorney General, not the court, to "waive the requirements of section 3624 of title 18 as necessary to provide for the release of some or all eligible elderly offenders and eligible terminally ill offenders." 34 U.S.C. § 60541. And, although 28 U.S.C. § 3582(c)(1)(B) authorizes the court to modify a term of imprisonment, it does not authorize the court to alter the method of incarceration. See United States v. Clark, No. 13-CR-163, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (holding that "[n]o relief [was] available" to a defendant raising a claim for compassionate release under the First Step Act's amendment to 34 U.S.C. § 60541 "because Section 3582(c)(1)(B) only permits courts to modify an imposed 'term' of imprisonment, and not the method of incarceration which is determined solely by the Bureau of Prisons"); United States v. Perez-Asencio, No. 18-CR-3611-H, 2019 WL 626175, at *4 (S.D. Ca. Feb. 14, 2019) (same); United States v. Curry, No. 6:06-082-DCR, 2019 WL 508067, at *2 (E.D. Ky. Feb. 8, 2019) (same); cf. Tapia v. United States, 564 U.S. 319, 331 (2011) ("When the court sentences a federal offender, the [Bureau of Prisons] has plenary control . . . over the place of the prisoner's imprisonment, and the treatment programs (if any) in which he may participate. A sentencing court can recommend that the [Bureau of Prisons] place an offender in a particular facility or program. But decisionmaking authority rests with the [Bureau of Prisons]." (quotation marks and citations omitted) (emphasis in original)). The court therefore denies Petitioner's request for home confinement.

## II. COMPASSIONATE RELEASE

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes the court to modify a term of imprisonment as follows:

> (A) the court, upon motion of the Director or the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure to the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Petitioner has satisfied the exhaustion requirement because, on January 31, 2019, he submitted his Compassionate Release request to his unit manager and forwarded that same request to the Warden of L.S.C.I. Beaumont in Texas, where he is currently incarcerated. (Reply at 1; see also Jan. 31, 2019 Mem. from Louie Rivera, Unit Manager (Dkt. 1202 at ECF p.8) (confirming delivery of Petitioner's complaint to the Warden Office on January 31, 2019).) The court is not aware of, nor has the Government has provided, any evidence that the Warden responded to Petitioner's complaint. Petitioner claims he has not done so. (Reply at 1.) Since more than 30 days passed between the Warden's receipt of the complaint and Petitioner filing the instant

3

petition, the court may consider his application. Nonetheless, Petitioner is not eligible for a modification of his term of imprisonment under § 3582(c)(1)(A).

First, Petitioner has not demonstrated that "extraordinary and compelling reasons warrant" a reduction of his sentence. See 18 U.S.C. § 3582(c)(1)(A)(i). As relevant here, the United States Sentencing Guidelines (the "Guidelines") provide that "extraordinary and compelling reasons" exist where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and, inter alia, the following criteria are met:

> (A) Medical Condition of the Defendant –
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . .
>
> (ii) The defendant is –
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.C. § 1B1.13, Application Note 1; see also 28 U.S.C. § 994 (authorizing Commission to describe criteria that should be considered extraordinary and compelling reasons for sentence reduction).

Here, the court is unable to conclude that Petitioner no longer presents a danger to the safety of any other person or to the community. Under § 3142(g), the court can consider a number of factors in determining whether an individual is a danger to the safety of any other person or to the community. These factors include: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; (4) "the nature and seriousness of the danger to any person of the community that would be posed by the person's release." 18 U.S.C. § 3142(g). The serious nature of Petitioner's criminal behavior is not in dispute, as he pleaded guilty to one count of racketeering after being charged with four predicate acts: extortionate collection of credit conspiracy, illegal gambling through the use of joker-poker machines, conspiracy to murder and murder, and extortion conspiracy. (Resp. at 6 (citing Feb. 11, 2005 Min. Entry (Dkt. 345)); see also Superseding Indictment ¶¶ 43, 63, 68-70, 101.)

In particular, the court notes that Petitioner was involved in organized crime for over thirty years as an employee and high-ranking member of the Bonnano Family of La Cosa Nostra. (Resp. at 6.) He engaged in extortion, illegal gambling, and murder. (Id.) Moreover, the court notes that while Petitioner suffers from several physical ailments, some of which are serious and chronic (see Sept. 19, 2019 Probation Mem. re: Petitioner's Medical Status (undocketed); Resp. at 4-5), he does not allege that he suffers from a terminal illness. Nor does he allege that he is not receiving adequate care for these conditions. Given the nature of his crime and his relatively advanced age at the time of conviction—after decades of ongoing criminal activity—Petitioner's age does not weigh as strongly in favor of compassionate release as it might in other cases.

5

Additionally, Petitioner has not demonstrated that he meets the requirements for eligibility for sentence reductions laid out in 18 U.S.C. § 3582(c)(1)(A)(ii) because he has not served at least 30 years in prison.

## III. CONCLUSION

For the foregoing reasons, Petitioner's (Dkt. 1189) request that the court convert his incarceration in a Bureau of Prisons facility to home confinement, or, in the alternative, order a reduction in his sentence is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October 22, 2019

NICHOLAS G. GARAUFIS
United States District Judge